USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS JR.,

                    Plaintiff,

-against-

THE CITY OF NEW YORK; ADW ELYN RIVERA, Shield No. 576; CAPTAIN JOHN HERNANDEZ, Shield No. 1806; DR. DEBRA MAYERS; IRA GORNISH; TERESA CUADRA; HESTER MOULTON; BESSIE FLORES-CLEMENTE; JUSTIN WILSON; LAURA HUNT; CAROLYN DICKIE; CORRECTIONAL HEALTH SERVICES,

                    Defendants.

1:20-CV-0516 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff, currently held in the Manhattan Detention Complex ("MDC"), brings this *pro se* action under 42 U.S.C. § 1983 seeking damages and injunctive relief. Plaintiff sues (1) the City of New York, (2) MDC Assistant Deputy Warden Elyn Rivera, (3) Correction Captain John Hernandez, (4) Debra Mayers, (5) Ira Gornish, (6) Teresa Cuadra, (7) Hester Moulton, (8) Bessie Flores-Clemente, (9) Justin Wilson, (10) Laura Hunt, (11) Carolyn Dickie, and (12) "Correctional Health Services." By order dated February 20, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

       The Court requests that the City of New York, Rivera, and Hernandez waive service of summons. The Court dismisses Plaintiff's claims against Correctional Health Services and directs the Clerk of Court to add NYC Health + Hospitals ("H+H") and Physician Affiliate

Group of New York, P.C. ("PAGNY") as defendants. And the Court directs service on H+H, PAGNY, and the remaining defendants, with the exception of Mayers.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     The City of New York, Rivera, and Hernandez**

The Court directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, Rivera (Shield No. 576), and Hernandez (Shield No. 1806) waive service of summons.

**B.     Correctional Health Services**

Plaintiff's claims arise from the medical care he has received, and the medical examinations he has undergone, while he has been held in the MDC. H+H and PAGNY provide medical care and examinations to MDC prisoners. *See K.A. v. City of New York*, 413 F. Supp. 3d 282, 289-90 (S.D.N.Y. 2019). In light of Plaintiff's *pro se* status and clear intention to assert

2

claims against H+H and PAGNY, the Court construes the complaint as asserting claims against H+H and PAGNY instead of Correctional Health Services, and directs the Clerk of Court to amend the caption of this action to replace Correctional Health Services with H+H and PAGNY. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses H+H or PAGNY may wish to assert.

**C.    H+H, PAGNY, and other individual defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on H+H, PAGNY, Gornish, Cuadra, Moulton, Flores-Clemente, Wilson, Hunt, and Dickie until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve those defendants until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on H+H, PAGNY, Gornish, Cuadra, Moulton, Flores-Clemente, Wilson, Hunt, and Dickie through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for H+H, PAGNY, Gornish, Cuadra, Moulton, Flores-Clemente, Wilson, Hunt, and Dickie, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

This Court has learned that Mayers, an H+H employee, is on "military leave" (likely active military duty) until February 2021, and that H+H will not accept service on her behalf at this time. Additionally, under the Servicemembers Civil Relief Act, Mayers may be entitled to a stay of any proceedings against her. *See* 50 U.S.C. § 3932. The Court will revisit this issue at a later time. Because Plaintiff's allegations are similar as to all of the defendants, the matter can proceed without Mayers as a served defendant.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York, Rivera (Shield No. 576), and Hernandez (Shield No. 1806) waive service of summons.

The Court dismisses Plaintiff's claims against Correctional Health Services.

The Court further directs the Clerk of Court to add NYC Health + Hospitals and Physician Affiliate Group of New York, P.C. as defendants. Fed. R. Civ. P. 21.

The Court additionally directs the Clerk of Court to issue summonses for Defendants NYC Health + Hospitals, Physician Affiliate Group of New York, P.C., Gornish, Cuadra, Moulton, Flores-Clemente, Wilson, Hunt, and Dickie; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 24, 2020
            New York, New York

                                                    MARY KAY VYSKOCIL
                                                  United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. NYC Health + Hospitals
   Correctional Health Services
   c/o Marella Lowe
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

2. Physician Affiliate Group of New York, P.C.
   Correctional Health Services
   c/o Gwendolyn Renee Tarver
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

3. Ira Gornish, Physician Assistant
   c/o Gwendolyn Renee Tarver
   PAGNY – Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

4. Dr. Teresa Cuadra
   c/o Gwendolyn Renee Tarver
   PAGNY – Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

5. Hester Moulton, Physician Assistant
   c/o Gwendolyn Renee Tarver
   PAGNY – Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

6. Bessie Flores-Clemente, Physician Assistant
   c/o Gwendolyn Renee Tarver
   PAGNY – Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

7. Dr. Justin Wilson
   c/o Gwendolyn Renee Tarver
   PAGNY – Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

8. Laura Hunt, Physician Assistant
   c/o Gwendolyn Renee Tarver
   PAGNY – Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

9. Carolyn Dickie, Psychiatrist
   c/o Marella Lowe
   NYC Health + Hospitals
   Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105